**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4509**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

FRANCISCO CHAVEZ-NUNEZ, a/k/a Paco,

                Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.   (5:07-cr-00014-RLV-CH-1)

Submitted:  July 28, 2009            Decided:  August 17, 2009

Before WILKINSON, MICHAEL, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Elizabethtown, North Carolina, for Appellant.   Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, Gretchen C.F. Shappert, United States Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Chavez-Nunez appeals his sentence to sixty months in prison and four years of supervised release after pleading guilty to conspiracy to possess with intent to distribute at least 100 kilograms of marijuana in violation of 21 U.S.C. § 846 (2006). Chavez-Nunez's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issues of whether the district court complied with Fed. R. Crim. P. 11 when accepting Chavez-Nunez's guilty plea, whether his sentence is reasonable, and whether the record shows ineffective assistance of counsel. Chavez-Nunez was notified of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

Appellate counsel first questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Chavez-Nunez's guilty plea. However, he alleges no error and concludes that the district court fully complied with the rule and there was no prejudicial error. Because Chavez-Nunez did not move in the district court to withdraw his guilty plea, we review this challenge for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Thus, it is Chavez-Nunez's burden to show (1) error; (2) that is plain; (3) affecting his substantial rights; and (4) we should exercise our discretion to

notice the error.  Id. at 529.  To show his substantial rights were affected, Chavez-Nunez must demonstrate that absent the error, he would not have entered his guilty plea.  Id. at 532. We may consider the entire record to determine the effect of any error.  See United States v. Vonn, 535 U.S. 55, 74-75.

We have reviewed the record and find two possible errors in the plea colloquy conducted by the magistrate judge. Although the magistrate judge properly informed Chavez-Nunez that as a result of his plea, he faced a mandatory minimum prison term of five years, a maximum prison term of forty years, a fine of up to $2,000,000, and a period of supervised release following any prison term, he did not specifically inform Chavez-Nunez of the mandatory minimum four-year supervised release term or of the district court's obligation to impose a special assessment.  We conclude, however, that Chavez-Nunez has not shown any possible error affected his substantial rights.

First, he does not claim he would not have entered his guilty plea absent the error.  Moreover, the presentence report correctly noted Chavez-Nunez's supervised release term was at least four years and that a special assessment of $100 was mandatory; Chavez-Nunez confirmed at his sentencing hearing that his attorney had reviewed the presentence report with him and that he understood the possible penalties of the charge to which

he was pleading guilty; and the district court at that time reaffirmed its acceptance of his guilty plea.

Appellate counsel next questions whether Chavez-Nunez's sentence is reasonable. He acknowledges the sentence imposed was within the advisory guideline range and consistent with the parties' plea agreement, but he questions whether the district court complied with United States v. Booker, 543 U.S. 220 (2005), and properly applied the relevant factors under 18 U.S.C. § 3553(a) (2006). We review a sentence for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 591 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597.

We have reviewed the record and conclude that the district court did not abuse its discretion in sentencing Chavez-Nunez, and his sentence is reasonable. Chavez-Nunez was sentenced to the mandatory minimum sentence under the statute of five years in prison and four years of supervised release. Thus, the district court had no discretion to impose a lower sentence, see United States v. Robinson, 404 F.3d 850, 862 (4th

4

Cir. 2005), and Chavez-Nunez's sentence is per se reasonable. See United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

Finally, appellate counsel questions whether Chavez-Nunez received ineffective assistance of counsel but he states he cannot find any ineffective assistance appearing on the record. We may only address a claim of ineffective assistance on direct appeal if the lawyer's ineffectiveness conclusively appears on the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We find that the record does not conclusively show ineffective assistance.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED